UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 2:21-cv-00257 |
| | ) | |
| $108,560.00 UNITED STATES CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT OF FORFEITURE IN REM**

The United States of America, by counsel, John E. Childress, Acting United States

Attorney for the Southern District of Indiana, and Kelly Rota, Assistant United States Attorney,

files its Complaint of Forfeiture in Rem pursuant to Supplemental Rules for Admiralty, Maritime

and Asset Forfeiture Claims G(2), and alleges on information and belief as follows:

NATURE OF THE ACTION

1.      The United States of America (the "United States") has commenced this action

pursuant to the civil forfeiture provisions of 21 U.S.C. § 881 and 18 U.S.C. § 981(a), seeking

forfeiture of the Defendant property based on violations of 21 U.S.C. § 801 *et seq*;

JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 (district

courts have original jurisdiction of all civil actions commenced by the United States) and § 1355

(district courts have original jurisdiction of any action for forfeiture).

3.      This Court has in rem jurisdiction over the Defendant Property pursuant to

28 U.S.C. § 1355(b) (forfeiture action can be brought in the district in which any of the acts

giving rise to the forfeiture occurred), and Rule G(3)(b)(i) of the Supplemental Rules for

1

Admiralty or Maritime Claims and Asset Forfeiture Actions (clerk must issue a warrant to arrest property in the government's possession).

4.      This Court is the appropriate venue in this matter pursuant to 21 U.S.C. § 881(j) and 28 U.S.C. § 1395, in that the forfeiture accrued in the Southern District of Indiana, and the Defendant Property is now, and during the pendency of this action will be, found within the Southern District of Indiana.

<u>DEFENDANT PROPERTY</u>

5.      The Defendant Property is one hundred and eight thousand, five hundred and sixty dollars in United States Currency ("$108,560.00" or the "Defendant Property") (Asset Identification Number 20-DEA-672790) seized December 24, 2020 from Nicholas Rhodes on Interstate 70 in Putnam County, Indiana.

<u>FACTUAL BASIS FOR FORFEITURE</u>

6.      Except as otherwise note, the following facts and information were discovered through the investigation and observations of Jason Kempf, a Task Force Officer with the United States Drug Enforcement Administration ("DEA"), and the officers and agents who work with Kempf as part of the High Intensity Drug Trafficking Area program in Indiana.

HIGHWAY INTERDICTION AND SEIZURE

7.      On December 24, 2020, Indiana State Police Trooper Yan Dravigne was working a traffic blitz on Interstate 70 as part of the federal High Intensity Drug Trafficking Area ("HIDTA") program. Working with DEA, HIDTA includes federal, state, and local officers whose interdiction efforts are aimed at stopping the flow of narcotics and money couriers on the interstate highways.

8      Trooper Dravigne was traveling east on Interstate 70 in Putnam County, near the 41-mile marker, when he noticed a beige motorhome that was being driven unsafely, - not staying in one lane and crossing over the fog line. As Trooper Dravigne approached the motorhome, he noticed its California license plate was expired.  The trooper then initiated a traffic stop.

9.      When he approached the motorhome on the passenger's side, Trooper Dravigne heard what sounded like the rapid closing of a sliding door in the rear of the motorhome.   He talked to the driver through an open window on the front passenger side.  The driver identified himself through a California driver's license as Nicholas David Rhodes ("Rhodes"). Trooper Dravigne again heard movement toward the rear of the motorhome and detected a strong odor of marijuana coming from the vehicle's interior.  Trooper Dravigne asked Rhodes to open the side door of the motorhome, but Rhodes refused.  The trooper told Rhodes why he was stopped and Rhodes indicated he was having difficulty driving the large motorhome within the marked lane boundaries.  Rhodes also told the trooper that the registration on the motorhome was current, but he was unable to produce a vehicle registration.

10.      Rhodes told the trooper that he and his fiancé, Julia Anne Kasprick ("Kasprick"), were traveling from California to Indianapolis to visit family for Christmas.  Trooper Dravigne noticed that Rhodes appeared nervous, and that he smelled strongly of marijuana. Rhodes admitted to the trooper that he used marijuana in the motorhome earlier that day and retrieved two plastic bags containing suspected loose marijuana and THC infused edibles.  Rhodes also showed the trooper a medical cannabis card, which had expired on May 28, 2020.

11.      Sergeant Anthony Brown of the Putnam County Sheriff's office arrived on the scene to assist with the investigation. His canine drug detection partner, "Mack," performed a

free air sniff around the motorhome, and showed a positive alert, indicating the that the odor of controlled substances was present.  A probable cause search of the motorhome revealed approximately 417 pounds of marijuana and marijuana products as described below:

- Approximately 205 pounds of fresh marijuana in black duffle bags and trash bags concealed in the shower and bedroom areas of the motorhome. Affixed to one of the duffle bags was an Allegiant Air baggage tag displaying Kaspricks's name.

- Approximately 13 pounds of fresh marijuana in clear plastic bags concealed on a shelf behind the bedroom television storage area.

- Approximately 185 pounds of THC infused cannabis edibles in black garbage bags, concealed in the bedroom area.  These edibles look like packages of candy.

- Approximately 14 pounds of cannabis wax resin in clear plastic bags concealed in the refrigerator freezer.

- Bundles of rubber-banded cash totaling $108,560.00 in United States Currency was in paper bags next to bulk packages of marijuana behind the television, in a bedroom closet, and in a kitchen drawer.

- Small amounts of suspected Cocaine, MDMA, marijuana, and prescription tablets, along with a smoking device concealed in a kitchen cabinet and inside the stove.








12.     Rhodes and Kasprick were both placed in handcuffs, advised

of their Miranda rights, and transported to the Indiana State Police in Putnamville, Indiana.

13.     DEA Task Force Officer Kempf ("TFO Kempf") interviewed Rhodes, after he

was advised of his rights.  During the interview, Rhodes admitted to knowingly transporting the

marijuana, stating that he and Kasprick were each to receive $15,000 to deliver the marijuana to

Indianapolis, Indiana.

14.     Rhodes said there was approximately $100,000.00 cash in the motorhome that

belonged to him. Rhodes stated he owned several businesses across the United States, including

CEO Fitness in Stockton, California; Rhodes Realty, doing business in Oklahoma, and Illinois;

and Recession-Proff, an entrepreneurial group involved in currency trading and real estate.

However, an investigation into Rhodes' business associations indicated that the only verifiable

business was called Rhodes AG-Well Consulting, LLC, (also known as RAW Consulting.)  The address for the business is Rhodes' home address of 2213 Clipper Place, Stockton, California.

15.     Rhodes has a prior drug conviction. In 2012, he was convicted of Plant/Cultivate/Marijuana/Hash, Possession of Marijuana for Sale, and Conspiracy, in Stockton, California, pursuant to case number LF013464A, which resulted in a sentence of two months incarceration, and three years on probation.

16.     Believing the money to constitute proceeds of and/or was property used to facilitate violations of the Controlled Substances Act, TFO Kempf seized the Defendant Property and took it into DEA custody.

17.     Rhodes was cited for his traffic infractions and released.  He was later charged in Putnam Superior Court on January 12, 2021 under cause number 67D01-2101-F5-000027 with: Felony, Dealing in Marijuana in at least 10 pounds; Conspiracy to Commit Dealing in Marijuana in at least 10 pounds; and Misdemeanor, Possession of Marijuana. This case remains pending.

18.     On June 25, 2021, the Court issued a warrant for Rhodes because he has failed to appear in this case.   An earlier warrant was issued January 20, 2021.

19.     The DEA initiated administrative forfeiture proceedings against the Defendant Property. All known interested parties were provided written notice of intent to forfeit as required by 18 U.S.C. 983(a)(1)(A).

20.     On or about March 27, 2021, the DEA received a claim to the Defendant Property, submitted by Attorney Ross Thomas on behalf of Nicholas Rhodes.

21.     Upon the filing of these claims, the DEA forwarded the claims to the United States Attorney's Office.

<u>PERTINENT STATUTES</u>

22.     Under 21 U.S.C. § 841(a)(1), it shall be unlawful for any person knowingly or intentionally to manufacture, distribute, or dispense a controlled substance; or to possess with intent to distribute or dispense a controlled substance."

23.     Under 21 U.S.C. § 881(a)(6), all moneys furnished or intended to be furnished by any person in exchange for a controlled substance, and all proceeds traceable to such an exchange, and all moneys used or intended to be used to facilitate any violation of the Controlled Substances Act, including 21 U.S.C. § 841(a)(1), shall be subject to forfeiture to the United States, and no property right shall exist in them.

24      Marijuana is a Schedule I controlled substance.  *See* 21 U.S.C. § 812(c); 21 C.F.R. § 1308.11(d)(23

<u>PRAYER FOR RELIEF</u>

25.     Plaintiff United States repeats and incorporates by reference the paragraphs above.

26.     By the foregoing and other acts, the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, proceeds traceable to such an exchange and/or money used or intended to be used to facilitate a violation of 21 U.S.C. § 801 *et seq. ,*and therefore is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that the Clerk of the Court issue a warrant for the arrest of the Defendant Property pursuant to Rule G(3)(b)(i) of the Supplemental Rules for  Admiralty or Maritime Claims and Asset Forfeiture Actions; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendant Property be forfeited to the United States for disposition according to law; and that the Court enter a finding of reasonable cause for the seizure and issue

a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

Respectfully submitted,


JOHN E. CHILDRESS
Acting United States Attorney

By:     *s/Kelly Rota*
        Kelly Rota
        Assistant United States Attorney
        Office of the United States Attorney
        10 W. Market St., Suite 2100
        Indianapolis, Indiana 46204-3048
        Telephone: (317) 226-6333
        Fax: (317) 226-5027
        E-mail: Kelly.Rota@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2021, a copy of the foregoing document was filed

electronically.  Parties may access this filing through the Court's system.

I further certify that on June 25, 2021, a copy of the foregoing document was mailed via

certified and United States mail to the following:


Nicholas Rhodes
2213 Clipper Place
Stockton, CA  95204

Ross Thomas
3601 N. Pennsylvania Street
Indianapolis, IN  46205
Email: rossthomas@defenselawyerindiana.com


      JOHN E. CHILDRESS
      Acting United States Attorney

By:    *s/ Kelly Rota*
      Kelly Rota
      Assistant United States Attorney
      Office of the United States Attorney
      10 W. Market St., Suite 2100
      Indianapolis, Indiana 46204-3048
      Telephone: (317) 226-6333

## VERIFICATION

I, Jason Kempf, a Task Force Officer with the United States Drug Enforcement

Administration (DEA), Indianapolis, Indiana, being duly sworn, state as follows:

1.      I am a Task Force Officer ("TFO") with the DEA and have been so assigned since

December 2018. I am currently assigned to the Evansville, Indiana, post.

2.      I have been employed as a trooper with the Indiana State Police ("ISP") since July

2007. During my employment with the ISP, I worked traffic enforcement for two years, and then

was assigned to the Drug Enforcement Section ("DES") in 2009.

3.      During my time on the at DES, I have served as a Coordinator for District 53

marijuana investigations and Coordinator for District 53 methamphetamine investigation.

Additionally, I have worked as an undercover narcotics detective since 2013.

4.      In my official capacity as a detective and a TFO,  I have conducted criminal

investigations and have participated in investigations regarding violations of various Federal

laws, including the manufacture and distribution of controlled substances, in violation of Title

21, United States Code (USC), Section 841 and conspiring to commit each of these crimes. In

addition, I have received specialized training from the DEA concerning organized crime, drug

investigations, operation of informants, and techniques used in laundering drug proceeds.  I have

executed numerous search warrants, made numerous arrests, and have supervised activities of

informants who have provided information and assisted in such criminal matters.

5.      I  read the foregoing Verified Complaint In Rem and know the contents therein.

The matters contained in the Complaint are true to my own knowledge.  I

6.      The sources of my knowledge and information and the grounds of my belief are

the official files and records of the United States, information supplied to me by other law

11

enforcement officers, as well as my investigation of this case, together with other law

enforcement, as a TFO for the DEA.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of June 2021.

_____
Jason Kempf
Task Force Officer
Drug Enforcement Administration