UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:21-cv-00257-JPH-KMB |
| ) | |
| $108,560.00 UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| NICHOLAS RHODES, ) | |
| ) | |
| Claimant. ) | |

**ORDER GRANTING MOTION TO STRIKE CLAIM**

The government filed this action seeking forfeiture of $108,560.00 in United States currency seized from Nicholas Rhodes. While Mr. Rhodes initially challenged the seizure by filing a claim, he has since fled from the authorities and remains on the lam. The government has filed a motion to strike Mr. Rhodes's claim to the property pursuant to the fugitive disentitlement statute. Dkt. [56]. For the reasons below, that motion is **GRANTED**.

I.
Facts and Background

In December 2020, an Indiana State Police Trooper initiated a traffic stop on a motorhome Mr. Rhodes was driving on I-70 in Putnam County, Indiana. Dkt. 56-28. A search of the motorhome revealed over 400 pounds of marijuana and marijuana products, trace amounts of other drugs, and $108,560.00 in

1

cash. *Id.*; dkt. 56-29; dkt. 56-31. The DEA seized the money. Dkt. 56-31 at 3. Mr. Rhodes was released, but on January 12, 2021, he was charged in Putnam Superior Court with two marijuana-related felonies. Dkt. 56-30 at 1–2; dkt. 56-9.

In June 2021, the government filed this civil *in rem* complaint in this Court. Dkt. 1. On August 10, 2021, Mr. Rhodes's attorney answered the complaint and filed a notice of claim. Dkts. 8, 9.

In May 2022, Mr. Rhodes turned himself in on the Putnam County charges and pleaded not guilty. Dkt. 56-30 at 2; dkt. 56-12.

In July 2022, the proceedings in this case were stayed pending resolution of Mr. Rhodes's state-court criminal case. Dkt. 25.

An in-person status conference for the state-court criminal case was scheduled for September 27, but Mr. Rhodes failed to appear, and a warrant was issued. *Id.* In November, Mr. Rhodes filed documents asserting that he is a sovereign citizen and challenging the Court's jurisdiction on that basis. Dkts. 56-23, 56-24.

On April 18, 2024, Mr. Rhodes was arrested on the Indiana warrant in Nevada. Dkt. 56-25. While he was being transported to Indiana, Mr. Rhodes escaped and fled, and his whereabouts are unknown. *Id.*; dkt. 56-26. Mr. Rhodes's counsel withdrew his appearance in this case, explaining that he had not communicated with Mr. Rhodes since August 2023 and did not know his whereabouts or how to contact him. Dkts. 48; 51.

The government filed a motion to strike claim. Dkt. 56. Mr. Rhodes has not responded.

## II.
## Applicable Law

A motion to strike claim under 28 U.S.C. § 2466 is "something like a motion to dismiss." *United States v. $6,976,934.65 Plus Int.*, 478 F. Supp. 2d 30, 38 (D.D.C. 2007); *United States v. $671,160 in U.S. Currency*, 730 F.3d 1051, 1055 (9th Cir. 2013). Unlike a typical motion to dismiss, however, the Court can consider "matters outside the pleadings" and can weigh evidence and make factual findings. *$6,976,934.65 Plus Int.*, 478 F. Supp. at 38; *United States v. Technodyne LLC*, 753 F.3d 368, 381–82 (2d Cir. 2014).

## III.
## Analysis

Under the fugitive disentitlement statute, 28 U.S.C. § 2466, a federal court may order disentitlement in a civil forfeiture action upon finding that a defendant is a fugitive. *Collazos v. United States*, 368 F.3d 190, 198 (2d Cir. 2004). Section 2466 provides that a "judicial officer may disallow a person from using the resources of the courts of the United States in furtherance of a claim in any related civil forfeiture action" after finding that the person:

> (1) after notice or knowledge of the fact that a warrant or process has been issued for his apprehension, in order to avoid criminal prosecution—
>
>> (A) purposely leaves the jurisdiction of the United States;
>>
>> (B) declines to enter or reenter the United States to submit to its jurisdiction; or

3

>> (C) otherwise evades the jurisdiction of the court in which a criminal case is pending against the person; and
>
> (2) is not confined or held in custody in any other jurisdiction for commission of criminal conduct in that jurisdiction.

28 U.S.C. § 2466(a).

The fugitive disentitlement statute, which is designed to prevent criminal defendants from taking advantage of the protections of a civil court while evading the criminal proceedings against them, can be enforced through a motion to strike a claim. *See id.* at 197–198; *United States v. All Assets Listed in Attachment A*, 89 F. Supp. 3d 813, 825 (E.D. Va. 2015); *United States v. $671,160 in U.S. Currency,* 730 F.3d 1051, 1055 (9th Cir. 2013). Such a motion "is not meant to address a claim or defense on its merits" but instead "provides an ancillary basis for disallowing a claim." *Technodyne*, 753 F.3d at 381; *see also Sarlund v. Anderson*, 205 F.3d 973, 974 (7th Cir. 2000).

### A. Prerequisites for application of the fugitive disentitlement statute

Section 2466 contains five "prerequisites:"

(1) a warrant or similar process must have been issued in a criminal case for the claimant's apprehension;

(2) the claimant must have had notice or knowledge of the warrant;

(3) the criminal case must be related to the forfeiture action,

(4) the claimant must not be confined or otherwise held in custody in another jurisdiction; and

(5) the claimant must have deliberately avoided prosecution by
  (A) purposefully leaving the United States
  (B) declining to enter or reenter the United States, or

4

> (C) otherwise evading the jurisdiction of a court in the United States in which a criminal case is pending against the claimant.

*All Assets Listed*, 89 F. Supp. 3d at 825–26 (collecting cases).

If these five prerequisites are met, a court may, in its discretion, order disentitlement. 28 U.S.C. § 2466; *Collazos*, 368 F.3d at 198. Here, the government argues it has shown that each prerequisite has been met. Dkt. 56 at 10–15.

### 1. Issuance and notice of a warrant

The first two prerequisites are that a warrant have been issued for the claimant in a criminal proceeding, and that the claimant have notice or knowledge of that warrant. Here, the record shows that Mr. Rhodes was aware of both the original January 2020 warrant, which he was arrested on in May 2022, and the warrant issued for his failure to appear, which he was arrested on in April 2024 and then fled during the extradition transport. Dkts. 56-10, 56-11, 56-12, 56-25, 56-26.

### 2. "Related" criminal case

The next prerequisite is that the criminal case must be related to the forfeiture action. Section 2466 does not define the term "related." *See United States v. Contents of Acct. Number 68108021*, 228 F. Supp. 2d 436, 440 (S.D.N.Y. 2002). Some courts have used 18 U.S.C. § 981(g)(4)'s definition of "related," which states that "the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more

5

factors." 18 U.S.C. § 981(g)(4); *Acct. Number 68108021*, 228 F. Supp. 2d at 440; *$6,976,934.65 Plus Int.*, 478 F. Supp. 2d at 40.  Other courts have instead used § 981(a)(1)'s definition of "related," holding that "'related' in the fugitive disentitlement statute [means] that the civil forfeiture action must be one in which the government is proceeding . . . to recover property 'involved in,' 'derived from,' 'traceable to,' 'obtained by,' or 'used to facilitate' a crime for which the defendant is evading prosecution."  *United States v. $6,976,934.65 Plus Int. Deposited into Royal Bank of Scotland. Int'l*, 554 F.3d 123, 131 (D.C. Cir. 2009).

Here, under either definition of "related," Mr. Rhodes's state criminal case is related to the civil forfeiture.  The money was seized after the same traffic stop that resulted in Mr. Rhodes's being charged with felony drug dealing and possession crimes.  Dkt. 56-31; dkts. 56-9, 56-13.  Indeed, Mr. Rhodes's attorney filed a motion to stay the civil forfeiture action because of the related state case, as the same conduct underlies both the state criminal proceeding and this forfeiture proceeding.  Dkt. 24.

### 3. Custody in another jurisdiction

The fourth prerequisite is whether the claimant is "confined or otherwise held in custody in another jurisdiction."  28 U.S.C. § 2466.  The record shows that Mr. Rhodes escaped from custody, and there is no indication that he is being held in custody.  The fourth prerequisite is therefore satisfied.

### 4. Deliberately avoiding prosecution

The final prerequisite under the statute is that the claimant has "deliberately avoided prosecution" by "evading the jurisdiction of a court in the United States in which a criminal case is pending against the claimant." 28 U.S.C. § 2466; *Collazos*, 368 F.3d at 198; *United States v. $6,190.00 in U.S. Currency*, 581 F.3d 881, 885 (9th Cir. 2009). Section 2466 "requires the government to prove that the claimants had a specific intent of avoiding criminal prosecution . . . [but] the statute does not require that that intent be the sole or principal intent." *United States v. $525,695.24, Seized from JPMorgan Chase Bank Inv. Acct.*, 869 F.3d 412, 419 (6th Cir. 2017); *Technodyne*, 753 F.3d at 383; *United States v. Batato*, 833 F.3d 413, 430 (4th Cir. 2016); *$671,160.00 in United States Currency*, 730 F.3d at 1056 n.2.

Here, Mr. Rhodes has appeared only sporadically in the criminal proceedings against him. *See* dkt. 56-12. He deliberately chose not to return to Indiana and appear at the status conference in his criminal case, despite being aware of it and the court ordering him to attend. Dkts. 56-20, 56-21, 56-22, 56-12. Then, after being arrested and extradited, Mr. Rhodes chose to flee—clear evidence that he sought to deliberately avoid prosecution. Dkts. 56-25; 56-26. Mr. Rhodes has not since surrendered in Putnam County, and a warrant remains active for his arrest. *See* dkt. 12. Mr. Rhodes therefore has evaded the jurisdiction of the state court, with the specific intent to avoid criminal prosecution in that court, satisfying the fifth and final element of § 2466.

### B. Disentitlement

Because § 2466's prerequisites are met, the Court has discretion to order disentitlement. *Collazos*, 368 F.3d at 198. Section 2466 does not specify factors to guide the Court's discretionary analysis, though "[c]ourts that have engaged in a discretionary analysis have generally found that disentitlement should be applied." *All Assets Listed*, 89 F. Supp. 3d at 831–32. In determining whether to order disentitlement, courts have considered due process concerns, the claimant's ability to supplement the record, weaknesses in the underlying complaint, judicial economy, and the interests of justice. *See id.*; *United States v. Up to 6,100,00 on Deposit in Acct. No. 15.5876 at Bank Julius Baer Co. Ltd.*, 2009 WL 1809992, at *4 (S.D.N.Y. 2009); *United States v. All Funds on Deposit at Citigroup Smith Barney Acct. No. 600-00338*, 617 F. Supp. 2d 103, 126 (E.D.N.Y. 2007); *United States v. One 1988 Chevrolet Half-Ton Pickup Truck*, 357 F. Supp. 2d 1321, 1328 (S.D. Ala. 2005).

Here, there are no due process concerns. "As § 2466 predicates disentitlement on an allowable presumption that a criminal fugitive lacks a meritorious defense to a related civil forfeiture . . . it does not violate the Due Process Clause of the Fifth Amendment." *Batato*, 833 F.3d at 429. Nor was Mr. Rhodes deprived of the opportunity to be heard. *Id.* at 427; *accord Technodyne*, 753 F.3d at 382. He was free to contest the forfeiture allegation, and to respond to the government's motion to strike claim, including by submitting evidence. *See United States v. $1,474,770.00 in U.S. Currency*, 538 F. Supp. 2d 1298, 1302 (S.D. Cal. 2008) (noting that there were no due process

8

concerns where claimant "had every right to challenge the seizure of the property" by facing his pending criminal charges).

There are also no weaknesses in the government's pleadings or complaint, and the government has provided thorough evidence to support its argument that Mr. Rhodes should be considered a fugitive. Dkt. 1; dkt. 56; dkts. 56-1–56-31. Considerations of judicial economy and the interests of justice also favor disentitlement, as Mr. Rhodes has deliberately evaded authorities by escaping during extradition.

In sum, the Court finds that Mr. Rhodes is a fugitive, and Mr. Rhodes is disentitled from litigating this claim. The government's motion to strike claim, dkt. 56, is **GRANTED.**

## IV.
## Conclusion

The government's motion to strike claim, dkt. [56], is **GRANTED.** The **clerk is directed** to strike his claim and answer from the record. Dkt. [8], [9]. The government **SHALL FILE** a motion for default judgment **by March 7, 2025**.

**SO ORDERED.**

Date: 2/18/2025

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

NICHOLAS RHODES

All electronically registered counsel